**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-08018-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Calvin Bryan Evanston, | ) | |
| Defendant. | ) | |

Pending before this Court is the Government's Motion In Limine Re: Prior Criminal Record of Victim (Dkt. # 38), the Defendant's Motion in Limine Re: Photographs (Dkt. # 45), the Defendant's Motion In Limine Re: Polygraph (Dkt. # 46), and the Government's Motion in Limine Re: 404(B) Other Act Evidence (Dkt. # 60). On October 29, 2009, the Court held an evidentiary hearing on the Government's Motion in Limine Re: 404(B) Other Act Evidence (Dkt. # 60). At that hearing, the Court also addressed the Government's Motion in Limine Re: Prior Criminal Record of Victim (Dkt. # 38).

After having heard and considered the evidence and the positions of the parties on the two motions discussed at the hearing, and after having reviewed the other two motions in limine, the Court orders as follows:

For the reasons stated at the hearing, the Government's Motion In Limine Re: 404(B) Other Act Evidence (Dkt. # 60) is denied to the extent that the Government shall not seek to

introduce other act evidence in its case-in-chief or in rebuttal, without prior authorization obtained from the Court.

For the reasons set forth at the hearing, the Court is not convinced that other act evidence is admissible for purposes of establishing the knowledge or the intent of the Defendant under the charges for which Defendant is being tried. To the extent that the Government argues that the other act evidence remains admissible for purposes of establishing the identity of the Defendant in light of the alibi defense that the Defendant reserves the right to present, the Court must further determine whether in such an instance the probative value of such evidence for identification purposes is substantially outweighed by unfair prejudice. The Court has considered the nature and the character of the six "other acts" that Defendant presented in the evidentiary hearing and suggests are relevant to identify the Defendant if the Defendant asserts an alibi defense. It has further considered whether, in the absence of hearing the evidence as it is actually presented at trial by the prosecutor or the defense, and a consideration of which party presents it, the Court can evaluate whether the prejudice that would be caused by the admission of the other act evidence would substantially outweigh any probative value that the evidence might have for purposes of identifying the Defendant. The Court has determined that such an evaluation must await trial. Therefore, the government may not admit the other act evidence in its case-in-chief, or on rebuttal, absent authorization of the Court. Upon application from the Government, the Court will evaluate whether, in light of the evidence and examination conducted by the parties as of the time of the request, such probative value as the other act evidence might have for purposes of identification is substantially outweighed by the prejudicial effect of introducing such evidence.

The Defendant does not oppose the Government's Motion in Limine Re: Prior Criminal Record of Victim (Dkt. # 38) to the extent it seeks to preclude the defense from eliciting opinion or reputation testimony at trial about the victim's prior charges for disorderly conduct and assault. Thus, to that extent, the Government's Motion in Limine Re: Prior Criminal Record of Victim (Dkt. # 38) is granted. Nevertheless, the Defense in its

Response seeks to reserve the right to elicit testimony relating to the victim's prior arrests for disorderly conduct and assault where relevant and necessary should the government be permitted to introduce other act evidence relating to the Defendant. The Court thus grants the Government's Motion in Limine with the caveat that to the extent the Court allows the Government to introduce other act evidence, the Defense will not be precluded by this Order from seeking to offer such evidence to the extent it is necessary in fairness to put such other act evidence in context.

The Government does not oppose Defendant's Motion In Limine Re: Polygraph (Dkt. # 46). In its Response to the Motion (Dkt. # 64) the government avows "the government does not intend to offer any evidence of the polygraph test itself." Therefore, to that extent, Defendant's Motion in Limine Re; Polygraph is granted. The Government shall not offer any evidence of the administration of the polygraph test and/or its results at trial.

The Court defers until trial a ruling on Defendant's Motion in Limine Re: photographs (Dkt. #45) at which time it will have the opportunity to evaluate the photographs for the matters asserted in the motion. Therefore,

**IT IS HEREBY ORDERED** denying in part the Government's Motion in Limine Re: 404(B) Other Act Evidence (Dkt. # 60).

**IT IS FURTHER ORDERED** granting the Government's Motion In Limine Re: Prior Criminal Record of Victim (Dkt. # 38).

**IT IS FURTHER ORDERED** granting Defendant's Motion In Limine Re: Polygraph (Dkt. # 46).

**IT IS FURTHER ORDERED** deferring Government's Motion in Limine Re: Photographs until trial.

DATED this 4th day of November, 2009.

G. Murray Snow
United States District Judge